ESTATE OF HERMAN D. BROUS, REBECCA H. BROUS, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13743. Promulgated April 13, 1948.

*J. Stanley Halperin, Esq.,* for the petitioner.
*Ellyne E. Strickland, Esq.,* for the respondent.

OPINION.

OPPER, *Judge*: By this proceeding petitioner seeks a redetermination of a deficiency in estate tax in the amount of $8,037.98. The decedent died on January 3, 1943. The estate tax return was filed with the collector of internal revenue for the fourteenth collection district of New York.

The primary question is the propriety of the inclusion of the proceeds of three insurance policies in decedent's estate.

The case was submitted upon a stipulation of facts, and the facts so stipulated are hereby found accordingly. Only those facts which we regard as pertinent to our disposition of the case will be repeated here.

On decedent's death, the three policies resulted in an aggregate of $27,294.60 to be paid to named beneficiaries. These policies were issued November 22, 1918, and specifically named decedent's son and two daughters as the respective beneficiaries. The policies provided that decedent was without the right to change the beneficiaries.

In each of the three policies there was the following provision:

DEATH OF BENEFICIARY BEFORE INSURED: CHANGE OF BENEFICIARY.—If any beneficiary die before the Insured, the interest of such beneficiary shall vest in the Insured, unless otherwise provided herein.

If the interest of a beneficiary shall have vested in the Insured, or if the right to change the beneficiary has been reserved, the Insured, if there be no existing assignment of this Policy, may, from time to time, while this Policy is in force, designate a new beneficiary, with or without reserving the right to change the beneficiary, by filing written notice thereof at the Home Office of the Company accompanied by this Policy for suitable endorsement hereon. Such change shall take effect upon the endorsement of the same on the Policy by the Company.

Decedent paid all the premiums which were paid on the policies of insurance. The parties agree that the amount of $1,679.30 represents that portion of the total proceeds of the three policies which is attributable to premiums paid after January 10, 1941.

Respondent's primary position is that the provisions of Internal Revenue Code, section 811 (g), as amended by section 404 of the Revenue Act of 1942,[1] on their face require the inclusion in decedent's gross estate of all of the $27,294.60, proceeds of the three policies, which were paid to the named beneficiaries.[2]

The parties agree that subsections (A) and (B) of section 811 (g) are in the disjunctive, and that if either is applicable, inclusion of the amount of the policies in the gross estate will follow. See *Estate of Judson C. Welliver*, 8 T. C. 165. Under the "payment of premiums test," contained in section 811 (g) (2) (A), and the stipulated fact that decedent paid all the premiums which were paid on the policies of insurance here involved, a decision in favor of respondent would, without more, seem indicated.

---

[1](g) PROCEEDS OF LIFE INSURANCE.

\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) RECEIVABLE BY OTHER BENEFICIARIES.—To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, or (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. For the purposes of clause (A) of this paragraph, if the decedent transferred, by assignment or otherwise, a policy of insurance, the amount paid directly or indirectly by the decedent shall be reduced by an amount which bears the same ratio to the amount paid directly or indirectly by the decedent as the consideration in money or money's worth received by the decedent for the transfer bears to the value of the policy at the time of the transfer. For the purposes of clause (B) of this paragraph, the term "incident of ownership" does not include a reversionary interest.

[2] This sum includes the amount of $1,679.30, being the amount attributable to premiums paid between January 10, 1941, the effective date of T. D. 5032, and January 3, 1943, the date of decedent's death, conceded by petitioner to be taxable.

Petitioner, however, relies upon section 404 (c), Revenue Act of 1942, which provides:

(c) DECEDENTS TO WHICH AMENDMENTS APPLICABLE.—The amendments made by subsection (a) shall be applicable only to estates of decedents dying after the date of the enactment of this Act; but in determining the proportion of the premiums or other consideration paid directly or indirectly by the decedent (but not the total premiums paid) the amount so paid by the decedent on or before January 10, 1941, shall be excluded if at no time after such date the decedent possessed an incident of ownership in the policy.

The possibility of the insurance being vested in decedent, should he outlive the designated beneficiaries, would constitute a reversionary interest and, consequently, an "incident of ownership,"[3] but petitioner resorts to the language in the amendment to section 811 (g) above quoted (footnote 1) that "the term 'incident of ownership' does not include a reversionary interest." Our examination of the structure of the section, however, convinces us that this interpretation is unavailable.

In the first place, the inclusion of the statement demonstrates the legislative assumption that without such an exception, a reversionary interest would be reasonably includible as an incident of ownership, since otherwise the statutory language would perform no function. *Early* v. *Doe*, 57 U. S. (How.) 609. In the second place, the reference is specific and unmistakable in the limitation of its effect to "clause (B) of this paragraph," whereas it is clause (A) which is being applied here. And in the third place, when the same term "incident of ownership" again appears in subsection (c) of the same section, a comparable limitation is conspicuously absent. We think that an application of the *inclusio unius* rule requires that the omission in subsection (c) and the limitation of applicability to section (g) (2) (B) both be viewed as deliberate and as demonstrating an intention that "incident of ownership" include a reversionary interest in the one case and not in the other.

If, however, the language be viewed as doubtful, justifying resort to legislative history, the conclusion thus indicated by the face of the statute is found to be confirmed. In the form in which the 1942 Act originated in the House, there was no mention of a reversionary interest. H. R. 7378, 77th Cong., 2d sess., introduced July 14, 1942. The report of the Ways and Means Committee stated, with reference to the section here pertinent, that a reversionary interest is not an incident of ownership. H. Rept. No. 2333, 77th Cong., 2d sess., p. 163. The Senate Finance Committee (S. Rept. No. 1631, 77th Cong., 2d sess., p. 234, 235–236), added the provision which was adopted by the Senate and agreed to in conference, stating that "Your committee bill has added a provision designed to take reversionary interests out of the category of 'incident of ownership' for the purpose of applying

---

[3] T. D. 5032, 1941 C. B. 427, 429.

section 811 (g) (2) (A) [*sic*[4]]. This provision seems necessary *in view of the treatment of a reversionary interest as an incident of ownership* under existing law and *under subsection (c) of this section* [404] of the bill." (Emphasis added.) The Finance Committee report continued (p. 236):

Subsection (c) states that the amendments made by this section are applicable only to estates of decedents dying after the date of the enactment of this act. The House bill contains a special rule with respect to payments made by the decedent on or before January 10, 1941, the date of approval of Treasury Decision 5032. Your committee bill clarifies the language of the House provision in order to continue in effect the rule provided in such Treasury Decision. Under this rule if the decedent at no time after January 10, 1941, possessed an incident of ownership, in determining the proportion of the premiums or other consideration paid directly or indirectly by the decedent (but not the total premiums paid) for the policy, the amount so paid by the decedent on or before January 10, 1941, shall be excluded. *A reversionary interest is an incident of ownership* in accordance with the treatment of such an interest under existing law. [Emphasis added.]

Respondent's regulations state:

\* \* \* Section 811 (g) (2), as added by the Revenue Act of 1942, expressly provides that for the purposes of section 811 (g) (2) (B) \* \* \* but not for the purposes of section 811 (g) (2) (A) \* \* \* the term "incidents of ownership" does not include a reversionary interest. \* \* \*

Regulations 105, section 81.27, as amended by T. D. 5239, 1943 C. B. 1093; and see Paul, Federal Estate and Gift Taxation, 1946 Supp., sec. 10.37. In the light of what has been said, we consider this interpretation correct. In accordance with the stipulation of the parties,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

---

Obviously a typographically erroneous substitution for 811 (g) (2) (B), since that is the only reference in the provision "added" in "your committee bill."