*Decision will be entered for the respondent.*

ESTATE OF EUGENE F. SAXTON, DECEASED, MARTHA P. SAXTON, INDIVIDUALLY AND AS SOLE EXECUTRIX OF THE LAST WILL AND TESTAMENT OF EUGENE F. SAXTON, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16552. Promulgated April 13, 1949.

*Alexander S. Andrews, Esq.*, for the petitioner.
*Rigmor O. Carlsen, Esq.*, for the respondent.

570

**OPINION.**

Kern, *Judge*: The first issue presented herein is whether that portion of proceeds from life insurance policies which was directly paid for by the employer, pursuant to the terms of a group life insurance

agreement covering the employee, is includible in the gross estate of the deceased employee in addition to that portion directly paid for by the employee. This issue was decided in the affirmative in *Estate of Judson C. Welliver*, 8 T. C. 165. Cf. *Estate of Herman D. Brous*, 10 T. C. 597.

In the *Welliver* case it was held that the proceeds of life insurance policies insuring the life of a decedent dying after October 21, 1942, which were payable to a beneficiary other than the estate of the insured, were includible in the gross estate under the provisions of section 811 (g) of the Internal Revenue Code,[2] because (1) premiums characterized as additional compensation amounted to payment "directly or indirectly by the decedent"; and, in the disjunctive, (2) the decedent's right to change the beneficiary amounted to the possession of "incidents of ownership."

There is nothing in the instant case which distinguishes it in principle from the *Welliver* case, and, therefore, the first issue herein is decided in favor of respondent.

The second issue is whether the decedent's share of the corpus of a 10-year, profit-sharing trust created by the employer for the exclusive benefit of its employees, within the meaning of section 165 of the Internal Revenue Code, and falling within the provisions of sections 13 (c) and 16 of the Personal Property Law of New York, is includible in the gross estate of the deceased employee who died before the expiration of the term of the trust, causing the payment of decedent's interest therein to his issue.

The trust deed provided that the corpus consisted of amounts earned by the employee as proper compensation, and that in no event should the amounts paid in trust revert to the employer. In the event of the death of the employee during the term, the trustees were to pay the employee's share according to the testamentary directions of the employee. In default of such testamentary appointment, the employee's share of the corpus was to be paid to his issue equally *per stirpes*, or, in default of issue, to the employee's wife if living, and, if not living, the share was to pass under the New York laws of intestate distribution. In the instant case the decedent died without making a testamentary disposition of his interest in the trust, and,

---

[2] SEC. 811. GROSS ESTATE.

      \*      \*      \*      \*      \*      \*

   (g) PROCEEDS OF LIFE INSURANCE.—

   (1) RECEIVABLE BY THE EXECUTOR.—To the extent of the amount receivable by the executor as insurance under policies upon the life of the decedent.

   (2) RECEIVABLE BY OTHER BENEFICIARIES.—To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, or (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. \* \* \*

therefore, this interest, amounting to $2,142.85 was paid to the decedent's two male issue.

Respondent urges that the amount of trust corpus thus paid should be included in the gross estate by virtue of the provisions of section 811 (c) and (d) of the Internal Revenue Code,[3] as property transferred by the decedent, under which transfer the decedent retained certain incidents of ownership for a period measured in fact by his life.

The provisions of section 811 (f) (1) of the Internal Revenue Code, as amended by section 403 of the Revenue Act of 1942,[4] would exactly cover the situation presented herein, and require the inclusion in decedent's estate of the amounts distributed by the trust to decedent's issue, were it not for the fact that the amendments effected by the Revenue Act of 1942 were specifically made nonapplicable to any power to appoint created prior to October 21, 1942, held by a decedent dying before July 1, 1943, and not exercised by such decedent. See section 403 (d), Revenue Act of 1942; Joint Resolution of June 12, 1948 (Public Law 635, 80th Cong.).

[3] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal  *  *  *.—

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom ; except in case of a bona fide sale for an adequate and full consideration in money or money's worth.  *  *  *

(d) REVOCABLE TRANSFERS.—

(1) TRANSFERS AFTER JUNE 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death.

[4] SEC. 403. POWERS OF APPOINTMENT.

(a) GENERAL RULE.—Section 811 (f) (relating to powers of appointment) is amended to read as follows :

"(f) Powers of Appointment.—

"(1) IN GENERAL.—To the extent of any property (A) with respect to which the decedent has at the time of his death a power of appointment, or (B) with respect to which he has at any time exercised or released a power of appointment in contemplation of death, or (C) with respect to which he has at any time exercised or released a power of appointment by a disposition intended to take effect in possession or enjoyment at or after his death, or by a disposition under which he has retained for his life or any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom ; except in case of a bona fide sale for an adequate and full consideration in money or money's worth."

Respondent, therefore, makes no contention on this issue predicated on section 811 (f). As we have pointed out, his argument is based on subsections (c) and (d) of section 811, quoted above, in spite of their provisions that they applied to property "to the extent of any interest therein of which *the decedent has at any time made a transfer* * * *." Respondent's argument on this point is stated on brief as follows: "* * * though the money was transferred directly from decedent's employer to decedent's two sons, it was in effect transferred by decedent himself. His employment along with that of other employees occasioned the creation of the trust fund; his continued services constituted the consideration for his employer's contributions thereto. These contributions, therefore, indirectly originated with decedent himself and constituted the necessary 'transfer' required by the statute."

If Harper & Brothers had been obligated by a contract with decedent to pay him additional compensation, or if decedent had asserted a claim for additional compensation, and the employer, by agreement with decedent, had satisfied this obligation or compounded this claim, by creating the trust and transferring to it the funds here in question, we might find merit in respondent's argument as addressed to that hypothesis. See *Estate of William L. Nevin*, 11 T. C. 59. Or, if the trust, while providing certain primary beneficial rights to decedent, provided that decedent should have the power to cut down those rights and thus create certain rights in his widow or children, and decedent exercised this power, we might well conclude that the exercise of this power amounted to a transfer by decedent. See *Estate of William J. Higgs*, 12 T. C. 280.

In the instant case, however, there was no legal obligation upon Harper & Brothers to pay additional compensation to decedent and no claim asserted by decedent to additional compensation. Consequently, there was no agreement between the employer and decedent calling for the creation of the trust. Nor was any power granted by the trust or exercised by decedent under which decedent could, or did, carve out and transfer a part of his beneficial rights to his widow or issue. Nor can it be said that there was here a "transfer of property procured through expenditures by the decedent with the purpose effected at his death, of having it pass to another." See *Chase National Bank* v. *United States*, 278 U. S. 327. The most that can be said, in a realistic appraisal of the situation here present, is that the employer, under no compulsion or obligation to do so, decided to award additional compensation to decedent, and, with the knowledge and consent of decedent, decided to, and did, effectuate this award of additional compensation by creating the trust and transferring the property here involved, and by virtue of the trust and the inaction of

decedent, decedent's issue became entitled upon the death of decedent to the payment of part of the trust corpus.

Even though we might be of the opinion that, as a matter of legislative policy, the amounts thus paid ought to be includible in decedent's gross estate, it is impossible for us to reach this result by any construction of subsections (c) and (d) of section 811 of the Internal Revenue Code, which would not amount to unwarranted judicial legislation. We are simply unable to conclude on the facts of this case that any transfer of property was made or "procured" by decedent, and consequently, we are forced to the conclusion that those subsections are inapplicable.

Upon this issue our decision is in favor of petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

HILL, *J.*, concurs only in the result.