**GLENN v. HANNER.**
No. 12001.

United States Court of Appeals,
Sixth Circuit.
April 21, 1954.

H. Brian Holland, Ellis N. Slack, Loring W. Post, Washington, D. C., J. Leonard Walker, Charles F. Wood, Louisville, Ky., for appellant.

Middleton, Seelback, Wolford, Willis & Cochran, Louisville, Ky., for appellee.

Before MILLER, Circuit Judge, and GOURLEY and STARR, District Judges.

PER CURIAM.

This appeal was heard upon the record, briefs, and argument of counsel for the respective parties;

And it appearing that the trust created on March 25, 1936, amended January 13, 1939, by the Brown & Williamson Tobacco Corporation, employer of the decedent Robert A. Hanner, with the Guaranty Trust Company of New York, trustee, was a voluntary action on its part for the purpose of sharing profits and earnings of the Company with certain of its employees; that all payments into the trust estate were voluntary payments by the employer alone, and in its sole discretion, the employee-beneficiaries contributing nothing thereto; that under the trust provisions no part of the trust fund was payable to the employee-beneficiary Hanner until he reached sixty-one years of age or ceased to be in the employ of the Company; that the employee-beneficiary Hanner died on January 21, 1944 at the age of 46 and while still an employee of the Company; that by the terms of the trust all rights of such employee thereunder ceased and determined upon his death at such time, with the right in the employee to appoint by will such of his widow and descendants living at the time of his death as he wished to receive the benefits of the trust estate; that in default of the exercise of said limited power the benefits would be paid to those who would take from the decedent under the Statute of Descent of the State of New York, had he died intestate; that the employee Hanner by his Will devised all of his estate to his widow, to whom the Brown & Williamson Tobacco Corporation thereafter paid the sum of $10,831.88, being the benefits to which she was entitled under the provisions of the trust and the terms of the Will, which amount was not included by his Executrix as part of the gross estate of the decedent for estate tax purposes;

And the Court being of the opinion that the Commissioner was in error in

**484**

making a deficiency estate tax assessment against the estate of said decedent in the amount of $1651.87 with interest, by reason of said omission, in that the money so paid to the widow was never a part of the estate of said decedent, and was not a transfer by the decedent during his life within the provisions of Sec. 811(c) or Sec. 811(d) of the Internal Revenue Code, 26 U.S.C.A. § 811(c, d), for the reasons stated by the District Judge in his opinion reported in 111 F.Supp. 52; See Eugene F. Saxton, 12 T.C. 569; Higgs' Estate v. Commissioner, 3 Cir., 184 F.2d 427; Commissioner of Internal Revenue v. Twogood's Estate, 2 Cir., 194 F.2d 627; Dimock v. Corwin, D.C., 19 F.Supp. 56, affirmed on another issue, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763.

It is ordered that the judgment of the District Court be affirmed.