Jack KENDALL, d/b/a Jack Kendall Motor
Company, Plaintiff in Error.

v.

OKLAHOMA TAX COMMISSION,
Defendant in Error.

No. 36522.

Supreme Court of Oklahoma.

Feb. 15, 1955.

Rehearing Denied May 10, 1955.

Carmon C. Harris, Mike Tapp, Oklahoma City, for plaintiff in error.

R. F Barry, W. F. Speakman, E. J. Armstrong, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal from an order of the Oklahoma Tax Commission denying the claim of Jack Kendall d/b/a the Jack Kendall Motor Company for refund of excise taxes paid under protest.

The facts are not in dispute. The appellant here, Jack Kendall, d/b/a Jack Kendall Motor Company, was a used car dealer duly licensed and registered when, on April 28, 1954, he purchased from a motor company at Wichita Falls, Texas, a certain secondhand 1953 Plymouth automobile. Said automobile had been duly licensed in the State of Texas and the Texas title certificate was regularly assigned to appellant. The Commisison refused to issue an Oklahoma certificate of title to appellant unless he first paid the motor vehicle excise tax amounting to $26.57. Appellant paid said tax under protest and, within due time, filed his claim for refund. The claim was denied by the Commission by its order of

May 25, 1954, and from that order, this appeal has been perfected.

The sole issue here presented is determined by the interpretation of the following statutes:

Title 47 O.S.1951 § 52b, provides:

"There is hereby levied an excise tax of two (2%) per cent of the value of each motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, industrial tractor and farm tractor, upon the transfer of the legal ownership of any such vehicle registered in this State and upon the use of any such vehicle registered in this State and upon the use of any such vehicle registered for the first time in this State, except as otherwise provided in this Act. The tax hereby levied shall be due at the time of the transfer of legal ownership or first registration in this State of such vehicle, and shall be collected by the Tax Commission at the time of the issuance of a certificate of title for any such vehicle. * * *"

It is provided in section 52d of said Title that,

"An original or a transfer certificate of title shall be issued without the payment of the excise tax levied by this Act for: * * *

"(e) Any vehicle legally owned by a person licensed as a dealer in used cars or parts, under the provisions of the Vehicle License and Registration Act, and offered for sale by such person: * * *."

The only expression by this court on the meaning of either section is contained in the opinion in the case of In re Protest of Green-Phillips Chevrolet Co., 208 Okl. 214, 254 P.2d 977, 979. A different factual situation was therein involved and the case is, therefore, not determinative of the question now before us. It was there held that,

"A person who is a new car dealer seeking to register and obtain a certificate of title to a new car must comply with 47 O.S.1951 § 23.6.

"After an examination of the entire Act, we hold it was not the intent of the legislature in enacting Sec. 52d (e) to permit the holder of a license to sell new cars, who is also the holder of a license to sell used cars, to register and obtain a certificate of title to a new car without payment of the excise tax by filing an affidavit with said Tax Commission that the new car was going to be sold on the used car lot, as a used car."

By the provisions of section 52b, above quoted, the appellant was required to pay the excise tax before being entitled to a title certificate on the automobile unless he came within the exemption of section 52d, also quoted above. The quoted case involved a new automobile upon which no title certificate had ever been issued. Therefore, the situation, as here, involving a used car purchased for resale by a bona fide used car dealer was not before the court. Anything therein said, contrary to the views expressed herein, is specifically overruled. All courts have pointed out that one of the cardinal rules of statutory construction is that, if possible, every statute must be so interpreted that every part thereof carries some meaning and significance in the light of the ordinary meaning of the words and phrases used. Citation of the abundant authority to that effect is unnecessary and would serve only to lengthen and burden this discussion. Since, under the decision in the Green-Phillips Chevrolet Co. case, supra, a new automobile is not within the contemplation of subsec. (e) of section 52d, supra, for which "an original * * * certificate of title" is sought, said last quoted phrase would apply only where the "vehicle" was a used car, registered in another state upon which an Oklahoma certificate of title was being issued for the first time. That is the situation here. The car is one within the meaning of the act and admittedly was "legally owned by a person licensed as a dealer in used cars or parts, under the provisions of the Vehicle License and Registration Act and offered for sale by such person." Being so, the certificate should have been "issued without the payment of the excise tax * * *."

The appellant having paid the tax under protest his claim for refund should have been granted.

The order of the Commission is reversed and the cause remanded with directions to approve, authorize, and make payment of appellant's claim.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD and JACKSON, JJ., concur.

WELCH, CORN and ARNOLD, JJ., dissent.

CORN, Justice.

I dissent to the majority opinion for the reason I do not believe it was the intent of our Legislature to permit the holder of a used car dealer's license, upon presentation of a properly assigned certificate of title to a car, issued by the State of Texas, to the Oklahoma Tax Commission, to obtain a certificate of title and number plate to the car without paying the excise tax as provided in 47 O.S.1951 § 52b. Such a car is defined in the Motor Vehicle License and Registration Act as a foreign vehicle, to-wit: "Every vehicle brought into this state and not legally registered in this State." 47 O.S.1951 § 22.1. Foreign is defined as meaning, "not within sphere of operation of the laws of the country under consideration." Webster's New International Dictionary, 2d Ed., page 988.

Under Sec. 22.1 of said Act, " * * * shall have the meanings respectively ascribed to them in this section: * * * " the facts in this case are almost identical with the facts in Protest of Green-Phillips Chevrolet Co., 208 Okl. 214, 254 P.2d 977. In that case the holder of a used car dealer's license wanted to register a new *foreign car for the first time,* without paying the excise tax, and put the car on the used car lot and sell it as a used car. In this case the holder of a used car dealer's license wanted to register a used *foreign car for the first time* without paying the excise tax, and put it on the used car lot and sell it as a used car.

In Protest of Green-Phillips Chevrolet Co., supra, after we had considered sec-tions 52b, 52d and 52e, we held in the 2nd paragraph of the syllabus:

"Under 47 O.S.1951 § 52b the Tax Commission must collect the excise tax upon first registration of any motor vehicle in the State of Oklahoma, whether it is a new or a used motor vehicle."

And in the body of the opinion, after quoting the statute as follows (Sec. 23.6), we said:

" 'Provided that every person licensed as a dealer in used vehicles or parts may register and obtain number plates for any vehicles legally owned and offered for sale by such person upon presentation of a certificate of title for such vehicle properly assigned to such dealer.' "

"(1) It is plain the only way a dealer in used cars can register and obtain a number plate is to comply with the above Act, to-wit: 'for any vehicles legally owned and offered for sale by such person upon presentation of a certificate of title for such vehicle properly assigned to such dealer' which means he is required to register and pay the excise tax on any automobile that he owns that has not been registered in Oklahoma, and if this construction is followed, it means that Oklahoma will receive an excise tax on the first registration of every vehicle in this State which would be in accordance with the language of Sec. 52b to the effect that the excise tax is due 'at the time of the transfer of legal ownership or first registration in this State of such vehicle, and shall be collected by the Tax Commission at the time of the issuance of a certificate of title for any such vehicle.' "

It is my opinion, taking into consideration the entire Act, that the words " 'certificate of title for such vehicle properly assigned to such dealer' " mean an Oklahoma Certificate of Title, and not a certificate of title issued by some foreign country, or by some foreign state.

I respectfully dissent.

On Petition for Rehearing

Rehearing denied.

CORN, Justice (dissenting).

This case is so important to the State of Oklahoma, I feel I should again point out wherein I think the majority opinion misconstrues 47 O.S.1951 § 52d(e). This case itself involves only $26.57.

To better understand the importance of this case, I will briefly state the effect the majority opinion will have by said holding. The State, for the fiscal year 1953–54, collected from the excise tax $5,422,977.50. It is estimated by the Tax Commission of this amount four or five hundred thousand dollars were collected from holders of a valid used car dealer's license on registration of foreign motor vehicles for the first time in Oklahoma, which the majority opinion permits such holder to register without payment of the excise tax.

47 O.S.1951 § 23.6 is plain to me what benefit the holder of a valid used car dealer's license is entitled to, to wit:

"Provided that every person licensed as a dealer in used vehicles or parts may register and obtain number plates for any vehicles legally owned and offered for sale by such person upon presentation of a certificate of title for such vehicle properly assigned to such dealer."

47 O.S.1951 § 52b means that an excise tax is levied on all motor vehicles, when transferred, used or registered for the first time in the State, where the facts, as in this case, show that it does not come under the exemption provided in 47 O.S.1951 § 52d. The section I have under consideration is 52d (e) which provides:

"Any vehicle legally owned by a person licensed as a dealer in used cars or parts, *under the provisions of the Vehicle License and Registration Act,* and offered for sale by such person".

To properly construe the above exemption it is necessary to keep in mind Sec. 22, which provides:

"This Act shall be known and cited as the 'Motor Vehicle License and Registration Act.'"

It will be noticed that the exemption says, *"under the provisions of the Vehicle License and Registration Act,"* which refers back to section 23.6, "upon presentation of a certificate of title for such vehicle properly assigned to such dealer", which means an Oklahoma title.

The used car dealer's license issued under the Act must deal in used cars registered under the Act. It is plain that the majority opinion construes section 23.6, supra, to mean a certificate of title to a foreign car that has never been registered in this state, which, of course was not contemplated by our lawmakers to be within the Act. It also totally ignores, or destroys, one complete sentence in section 52b which provides that the excise tax is due and must be collected by the Tax Commission upon first registration of such vehicle in this state.

For a better understanding of the matter under discussion see Protest of Green-Phillips Chevrolet Co., 208 Okl. 214, 254 P.2d 977, and my dissenting opinion reported in O.B.J. 26, page 255.