NATIONAL BANK OF TULSA, a national banking association, and Florence Geddes Sowle, Co-executors of the Estate of Frank Morse Sowle, Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 39910.

Supreme Court of Oklahoma.

Feb. 19, 1963.

Rehearing Denied April 9, 1963.

Ralph L. Abercrombie, Glenn F. Prichard, Tulsa, for plaintiff in error.

Albert D. Lynn, E. J. Armstrong, Oklahoma City, for defendant in error.

JOHNSON, Justice.

On December 2, 1948, the National Bank of Tulsa, Oklahoma, created a profit-sharing trust for the benefit of its employees. Under this agreement, the bank each year set aside ten percent of its net profits in this trust. The employees of the bank contributed nothing. Under the provisions of the trust, the annual contributions of the bank were allotted to the accounts of the employees in proportion to their respective salaries. As long as the employee remained with the bank, he had but one function which he could exercise, i. e., the naming of a beneficiary to receive the fund in case of his death.

The employee further had certain contingent rights. In case he continued in the employ of the bank to retirement age, the fund was paid to him. In case his employment with the bank terminated honorably, the employee received a percentage of the accumulated fund. In the event the employee's employment terminated under dishonorable conditions, his rights in the fund were forfeited.

It is therefore apparent that the employee's possession and control of the fund was contingent (not vested) upon his living beyond retirement age or terminating his employment under honorable conditions.

He would never have a vested interest until one of those two conditions occurred. On the other hand, the employee's designated beneficiary likewise would have only a contingent interest in the fund. It became vested only when the employee died.

Frank M. Sowle, who had been employed by the bank for about thirty years, died on April 8, 1960, while still in the employ of the bank. The interest credited to his ac-

count at that date amounted to $17,846.17. The trustees of the fund are paying such sum direct to the designated beneficiary, his wife, Florence Geddes Sowle. This trust fund was not included in the inventory of the estate of Frank Sowle, and when an estate tax return was filed with the Oklahoma Tax Commission the fund was not included in the return. Whereupon on February 10, 1961, the said Commission entered an order adding the amount of such trust fund to the assets of said estate and assessing estate tax accordingly. Timely protest was filed by the bank, which protest was denied, and this appeal follows.

The question for our determination is whether the amount allotted by the bank to the account of Frank M. Sowle is a part of his estate for tax purposes.

The facts in this case are not in dispute. The evidence discloses that Sowle had contributed nothing to the amount credited to his account in the trust fund; that the only right he had at the time of his death was to designate a beneficiary; that the right to come into possession and control of any part of such fund was contingent upon reaching retirement age or terminating his employment under honorable conditions, and that neither of such contingencies ever occurred. It is clear from the evidence that Frank M. Sowle had no vested interest in the fund at the time of his death.

The interest of the beneficiary designated by him was likewise contingent upon such beneficiary surviving the employee without either of the contingencies herein mentioned having occurred. Neither of these contingencies did occur, and therefore the interest of the beneficiary became vested immediately upon the death of Frank Sowle.

Reliance of the Tax Commission is placed upon the case of Garber's Estate v. Commissioner of Internal Revenue (3rd Cir., Pa.) 271 F.2d 97. The distinguishing factor in that case, which does not exist in the present case, is that the employee, although continuing in the company's employ, had previously reached the retirement age and

his rights under the plan were previous to his death vested in him. The fact that he had not exercised his right to draw down the fund does not alter the fact that the right was vested in him and could be exercised by him at any time.

We are of the opinion that the case of Glenn v. Hanner (6th Cir., Ky.) 212 F.2d 483, affirming D.C., 111 F.Supp. 52, controls here. In that case the employer created a trust similar to the one at bar. The company made all payments into the fund, and the employee contributed nothing. No part of the fund was payable to the employee until he reached retirement age of sixty-one (61) or ceased to be an employee. The employee died at forty-six (46) while an employee of the company. He had the right by will to appoint a beneficiary. He named his widow as the beneficiary. The company paid her $10,831.88, the amount accumulated in the account of the deceased. The Circuit Court affirmed the trial court in holding that this fund was never a part of the estate of deceased for the reasons set forth in the trial court's opinion. In this latter appears the following:

> "Her contentions now are that the decedent had no interest at the time of his death in the trust property requiring its value to be includable in his gross estate within the meaning of Section 811(a) of the Internal Revenue Code because Section 811(a) brings within the gross estate the value of decedent's interest in property at the time of his death and excludes an interest in property which terminated at death and which was contingent upon events which had not occurred; that the interest of the decedent was a mere expectancy (as distinguished from a vested interest) contingent upon either of two events, neither of which had occurred at the time of his death—that is he had not attained the age of sixty-one years and had not ceased to be an employee of the Corporation."

Later in the opinion, the court says in deciding this contention:

"Upon decedent Hanner's death, his right to receive annuities ceased and determined and his estate had no claim to the trust fund.

"The case is distinguishable from the McKitterick case, because in the latter McKitterick's estate had a 'legally enforceable claim' to receive his bonus.

"The trust fund in this case shows that Hanner's right to receive annuities died with him. Such interest as Hanner had was only contingent and was defeated by his death prior to his arriving at the age of sixty-one years and while still in the employment of the Brown & Williamson corporation."

It was then held that the fund was no part of decedent's estate.

We are persuaded that this decision is particularly applicable to the construction of the statute involved here, Title 68 O.S. 1961 § 989. Sec. 989e reads:

" * * * (1) The value at the time of the death of the decedent of all property, real, personal, or mixed, whether tangible or intangible, of which the decedent died seized or possessed, within the jurisdiction of this State, and any interest therein, or income therefrom, including the value of the homestead less the value of decedent's equity or interest therein up to but not exceeding Five Thousand Dollars ($5,000.00) in amount, which shall pass to any person or persons, associations or corporations, in trust or otherwise, by testamentary disposition or by the laws of inheritance or succession of this or any other state or country.

*   *   *   *   *   *

"(2) The value of any real or personal property, including the homestead to the extent hereinabove set forth, passing by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after his death; * * *.

*   *   *   *   *   *

"(6) To the extent of the excess over Twenty Thousand Dollars ($20,-000.00) of the amount receivable directly, in trust, or as annuities, by all other beneficiaries, or under a joint policy by the survivor, of the proceeds of life insurance, by virtue of policies taken out on the life of the decedent and in which, at the time of death, the decedent had the right, directly or indirectly, to change the beneficiary or to convert the policy to his own use. * * *"

What was stated in Glenn v. Hanner, supra, aptly applies in this case.

Under the terms of the trust fund in this case Sowle's right to receive benefits died with him. Such interest as he had was only contingent and was defeated by his death prior to his arriving at the age of retirement and while he was still in the employment of the bank. Under such circumstances Sowle had no vested right in the trust fund.

■■ We are of the opinion and hold that the interest involved here was neither seized or possessed by the deceased nor was it a transfer within the other provisions of Title 68 O.S.1961 § 989, supra. Tax statutes are strictly construed against the state. Price v. Mahoney, 175 Okl. 355, 53 P.2d 257.

Order of the Tax Commission vacated.

HALLEY, V. C. J., and DAVISON, JACKSON and BERRY, JJ., concur.

BLACKBIRD, C. J., and WILLIAMS and IRWIN, JJ., dissent.