C. H. LEAVELL & COMPANY, a corporation,
Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION,
Defendant in Error.

No. 41436.

Supreme Court of Oklahoma.

Sept. 10, 1968.

Rehearing Denied Oct. 15, 1968.

McAfee, Dudley, Taft, Cates, Kuntz & Mark, Oklahoma City, for plaintiff in error.

Albert D. Lynne, E. J. Armstrong, R. O. Ingle, Oklahoma City, for defendant in error.

BERRY, Justice.

In 1960 plaintiff in error, herein called Taxpayer, held a 20% interest in' a joint venture, with four other companies, bidding upon military construction work to be performed in this State for the United States government. The joint venture was the successful bidder and entered into a "long term contract" within definition and meaning of the term as used in Regulations Relating to Oklahoma Income Tax Law, Art. 893(a)8, issued pursuant to statutory authority, 68 O.S.1961, § 1452, by the Oklahoma Tax Commission, hereafter designated as the Commission.

The joint venture agreement defined the various areas of responsibility and designated Morrison-Knudson Company as sponsoring joint venturer, responsible for handling financial matters and keeping accounts. The written agreement specifically provided the joint venture agreement extended only to performance of the construction contract. ·Work under the contract commenced in 1960 and was completed in 1962. During this period Taxpayer did not carry on other business within Oklahoma.

The sponsoring joint venturer filed tax information returns for each year involved upon an accrual basis of accounting. Such returns disclosed a loss to Taxpayer for 1960, but reflected substantial profits for the years 1961–1962. Taxpayer consistently had reported income upon a "long term", or completed contract basis, and so reported its proportionate share of income from the joint venture. In May 1962 Taxpayer advised the Commission its operation was upon a fiscal year basis and, the contract being incomplete, it was impossible to ascertain profit or loss. Since the operation was within definition of a long term contract, Taxpayer elected to file its corporate income tax return for the fiscal year ending March 31, 1963, upon the basis of the completed contract under regulation Art.

893(a)8. On June 1, 1962, the Commission advised Taxpayer by letter:

"In reply to your letter of May 28, 1962 please be advised it is only within the province of the joint venture to elect the manner in which its income tax returns will be filed. In view of this your Oklahoma income tax return for the fiscal year ended March 31, 1962 should reflect the results of the operations of the joint venture as of Dec. 31, 1961."

Thereafter the Commission assessed additional tax and interest ($12,835.46), denying Taxpayer's right to claim deduction for a distributive portion of the joint venture's net operating loss for year 1960. The additional assessment was paid under protest. Upon hearing the Commission determined the joint venture was the "taxpayer" under Oklahoma law, and previous election had been made by the sponsoring joint venturer by preparing and filing a partnership return on March 14, 1961, which was binding upon Taxpayer. A district court action to recover taxes paid under protest (62 O.S.1961, § 206) was unsuccessful, except as to judgment for alternative relief not here involved, and this appeal resulted.

Disposition of the issues does not require summation of the pleadings or evidence. However, recognition of statutory terms and definitions involved, reference to applicable income tax statutes and particular Regulations adopted by the Commission pursuant to statutory authorization, supra, will be of assistance.

Pertinent provisions of applicable statutes comprising our Income Tax Law (68 O.S.1961, §§ 871–918, inclusive) are: Section 874(b) (g) which provides:

"The term 'person' means an individual, a trust or estate, a partnership or a corporation;

\*　　\*　　\*　　\*　　\*　　\*

"The term 'taxpayer' means any person subject to a tax imposed by this Act, or whose income is, in whole or in part, subject to a tax imposed by any provision of this Act; \* \* \*."

And, § 884(E) states:

"Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included, in computing the net income of each partner, his distributive share, whether distributed or not, of the net income of the partnership for the taxable year; and such partnership net income shall be computed in the same manner and on the same basis as in the case of an individual, except that the deductions provided in subsection 880(h) and (j) shall not be allowed. Every partnership shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed in this Act, and shall include in the return the names and addresses of the individuals who would be entitled to share in the net income, if distributed, and the amount of the distributive share of each individual. The return shall be signed by one of the partners."

Contemporaneously the Commission's Regulation Art. 884E(1) makes individuals engaged in partnership business liable for income taxes only in an individual capacity.

Section 893(a) requires any taxpayer's income tax to be computed on the taxpayer's annual accounting period " \* \* \* in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; \* \* \*." Concurrently Commission Regulation Art. 893a provides basis for computation of net income, and permits the Commission to make such computation in event the taxpayer fails to employ an accounting method clearly reflecting income. Art. 893(a) 3 grants a taxpayer privilege to adopt the form of accounting best suited to his purposes. Art. 893(a), 8(a) and (b) defines a long term contract as a building or construction contract covering a period in excess of one year; defines gross income, allows long term contracts to be reported upon percentage of completion and permits gross income to be reported for tax purposes in

the year completed, if the taxpayer elects a consistent practice to so treat such income.

With the mentioned matters in mind, the first inquiry arises in relation to the Commission's determination the joint venture was the "taxpayer" within purview of our income tax laws. The Commission's argument offers no support for such finding, except the assertion that formation of the joint venture created a new entity, whose income was derived from the partnership which held the long term contract. Although tacitly admitting the joint venture actually was not the "taxpayer", the conclusion is that the joint venture held and exercised the right granted all taxpayers, to elect the method of accounting to be used in reporting income tax liability. This conclusion is urged upon the assumption the partners desired this since no complaint was made concerning the "election."

Initially, we recognize any partnership is a legal entity separate and apart from the individuals of which it is composed. Layman v. Readers Digest Ass'n, Inc., Okl., 412 P.2d 192, and authorities cited. However, we do not consider recognition of such legal principle provides any basis for the conclusion such partnership thereby becomes a "taxpayer" within the meaning and definition of the term, as used in the statutes, supra. Both the statutes and Regulations recognize this joint venture, or partnership, had no income subject to tax. The partnership was bound only to file the information return called for by § 884(E), supra. Performance of this duty did nothing to bring the joint venture within the statutory definition of a taxpayer expressed in § 874(g), supra.

The second inquiry concerns the finding that a previous election, as to the method of reporting income for tax purposes, had been made by the joint venture which was binding upon this Taxpayer.

In briefs this Court directed filed, it is argued for the first time that Taxpayer's failure to comply with Regulations, requiring filing of a return each taxable year

under § 876 of the income tax law, precludes the right to claim benefits extended under Regulation 893, supra. Because the Commission's order was based upon the specific findings mentioned, without regard to other considerations, we express no views as to possible effect of Taxpayer's asserted late filing of the tax return.

The crucial question involves the Commission's determination a binding election had been made upon filing of the information return. Such return is required under § 884(E) to disclose the distributive net income of individual partners subject to tax. When the partnership, or joint venture, complies with this requirement it has discharged the responsibility required under the statute and Regulations. Then, under § 893 computation of tax becomes the taxpayer's individual duty and, under this statute and Regulation, Art. 893(a) the right is granted each taxpayer to adopt the form and system of accounting best suited to his purposes for reporting true income. From this it appears clear that the right extended consists of recognized alternatives, of which the taxpayer may elect that most advantageous, consistent with business purposes.

In a legal sense an election is a choice between two alternative and inconsistent rights, either of which may be asserted by the chooser alone. 28 C.J.S. Election, p. 1053. An election implies a choice between existent rights evidenced by an overt act. State of Texas v. The Praetorians, 143 Tex. 565, 186 S.W.2d 973, 158 A.L.R. 596. The doctrine of election imposes a duty upon a party to choose between alternative or inconsistent claims or rights, where there is clear intention from the party granting the right that he should not enjoy both. Story's Eq.Jur. (1917) § 1451. In Beck v. Davis, 175 Okl. 623, 54 P.2d 371, we recognized these principles.

Under § 893, supra, Taxpayer was granted a choice of computing and returning income tax in accordance with the accounting method regularly employed. Under Regulation Art. 893(a) 1–2–3–8(a) (b)

Taxpayer was extended the right to compute income under a long term contract upon the completed contract basis. Upon Taxpayer's written election to return income tax upon a completed contract basis the Director of Commission's income tax division refused to accept such election, for the stated reason only the joint venture had the right to elect. This administrative determination was patently incorrect as a matter of law.

 The Commission based denial of Taxpayer's protest upon a finding the joint venture had made a binding election. Such determination gave no consideration or effect to plain provisions of the statutes and Regulations, and effectively foreclosed Taxpayer's right of a free choice of permissible alternatives for returning income for tax purposes. To hold Taxpayer was bound by such asserted "election" would be wholly contrary to the recognized definition of the term, exercise of which necessarily involves knowledge and freedom of choice. An apparent freedom to accept or reject offered when no such freedom exists as an actual fact is denominated a Hobson's choice, or choice without alternative. Webster, Third Int. Dictionary, p. 1076. This definition would apply to the election given Taxpayer in this case. The Commission's interpretation of the statute giving a right to elect is contrary to the rule that every statute must be interpreted to give meaning to every part. Kendall, etc. v. Oklahoma Tax Comm., Okl., 283 P.2d 511.

 The settled law requires that any doubt concerning tax laws is to be resolved in favor of the person upon whom the tax burden is sought to be imposed. Oklahoma Tax Comm. v. Denver Prod. & Refg. Co., Okl., 262 P.2d 413. All tax statutes are construed strictly against the state. National Bank of Tulsa v. Oklahoma Tax Comm., Okl., 380 P.2d 542. Administrative construction cannot override plain language of statute, and where neither ambiguous nor of doubtful construction, the rule that weight is to be given to an administrative construction in determining meaning of the statute is inapplicable. State ex rel. Hudson v. Carter, 167 Okl. 32, 27 P.2d 617, 91 A.L.R. 1497. See Fairbank v. United States, 181 U.S. 283, 21 S. Ct. 648, 45 L.Ed. 862, concerning classification of cases dealing with practical construction by administrative officers.

 Our statutes clearly define who are taxpayers. The joint venture whose only duty was to file an information return as the basis upon which a partner's income tax would be computed, was not the taxpayer as determined by the Commission. The right to elect or choose the method to be used in computing and returning income taxes was granted Taxpayer, by statute and Regulation. This right could be exercised only by Taxpayer, and not by an administrative interpretation of a statute of such clear import as to leave nothing for construction. The trial court erred as a matter of law in overruling Taxpayer's separate action for relief.

Other arguments, based upon language and reasoning in Federal tax statutes and cases, are advanced in support of this judgment. Being of the opinion this matter must be determined solely upon basis of the provisions of our income tax statutes and the Regulations adopted in respect to such statutes, no purpose would be served by comparison and discussion of those statutes and authorities.

Judgment reversed.

JACKSON, C. J., and WILLIAMS, HODGES and McINERNEY, JJ., concur.

IRWIN, V. C. J., and DAVISON, BLACKBIRD and LAVENDER, JJ., dissent.