** Summary ** ESTATE TAXES — TIME LIMIT ON LIEN CREATED Where property belonging to a decedent is discovered more than ten years after the date of death of the decedent which has been inadvertently excluded from estate taxation, the Oklahoma Tax Commission may not, under 68 O.S. 811 [68-811](d) and 68 O.S. 815 [68-815](c), assess or assert a claim for additional estate taxes and interest upon the property. The Attorney General has considered your request for an opinion construing statutes governing the duration of the Oklahoma estate tax lien. The following facts are assumed in your request. An Oklahoma resident dies leaving property subject to the estate tax. His estate is administered and an estate tax return is filed. A period of more than ten years elapses, then cash, stocks and bonds are found which belonged to the decedent. Your question concerns whether the Oklahoma Tax Commission may, subsequent to the lapse of ten years after the date of the death of the decedent, assert a claim for additional taxes and interest upon such omitted items when the omission was by oversight and was not the result of fraud. The question raised requires a construction of conflicting provisions of Title 68 of the Oklahoma Statutes concerning revenue and taxation. The Oklahoma estate tax code generally provides that there shall be a lien on property transferred by a decedent designed to secure payment of the estate tax, and that the lien shall be extinguished upon the expiration of ten years from the date of the death of the decedent. The relevant provisions of the Oklahoma estate tax code are as follows. Title 68 O.S. 811 [68-811] (1971) provides in part that: "(a) Taxes levied under this Article shall be and remain a lien upon all the property transferred until paid . . . . "(d) The lien herein provided for is extinguished upon the expiration of ten (10) years from the date of the death of the decedent, unless prior thereto steps have been taken that would cause the fact that a lien is asserted to appear of record in the county wherein the property is located. The provisions of this paragraph shall not apply in those instances where the Federal Government has impounded moneys for the purpose of paying possible estate tax liabilities of the estates of restricted Indians." Section 68 O.S. 815 [68-815] of Title 68 requires the completion of an estate tax return by fiduciaries administering decedents' estates. Section 815(c) provides that: "No assessment of inheritance, estate or transfer tax shall be made hereunder subsequent to the lapse of ten (10) years after the date of death of any decedent, except that this time limitation on the making of assessments and the beginning of proceedings for collection shall not effect or apply to assessments of inheritance, estate, transfer or gift taxes upon the estates of restricted Indians." In addition, 68 O.S. 801 [68-801] (1971) provides generally that the State of Oklahoma may be made a defendant in any action to determine title to realty for the purpose of determining its claim against the realty for estate taxes. However, if the decedent from whom title is derived has been dead for more than ten years prior to the institution of the action, it is not necessary to make the State of Oklahoma a party defendant. The estate tax code provisions quoted above are to be contrasted with provisions of the state Uniform Tax Procedure Act. Title 68 O.S. 234 [68-234](a) (1971) creates a very broad general lien for unpaid taxes: "All taxes, interest and penalties imposed by the provisions of this Article, or any State tax law, are hereby declared to constitute a lien in favor of the State upon all franchises, property, and rights to property, whether real or personal, then belonging to or thereafter acquired by the person owing the tax . . . The said lien of the State shall continue until the amount of the tax and penalty due and owing, and interest subsequently accruing thereon, is paid." Section 68 O.S. 234 [68-234] sets no time limit on the lien created, but provides instead that the lien shall continue until all taxes are paid. There is a direct conflict with 68 O.S. 811 [68-811](d) (1971), quoted above, which extinguishes the estate tax lien ten years after the date of death of a decedent whose property is transferred. Title 68 O.S. 223 [68-223] (1971) generally sets out a three year limit during which proceedings must be begun to collect any tax levied under the provisions of any state tax law. The three year limit may be extended by agreement with the taxpayer. Another exception to the three year limitation for the beginning of proceedings to collect a tax is found in 68 O.S. 223 [68-223](c) (1971): "In the case of either a false or fraudulent report or return, or failure to file a report or return, as required under State tax law, the Tax Commission is authorized to compute, determine and assess the estimated amount of tax due from any information in its possession, or a proceeding in Court may be begun for the collection of such tax without assessment at any time." (Emphasis added) In taxation, a false return is a return that is incorrect. Black's Law Dictionary 1481 (4th Ed. 1968). Under Section 68 O.S. 223 [68-223](c), quoted above, it may be argued that an estate tax return which fails to include all property of the decedent subject to an estate tax is a false return even if the person making the return has no knowledge of the property not disclosed. Accordingly, under Section 223(c), the Tax Commission might argue it is entitled to institute proceedings at any time, even after the expiration of the ten year estate tax lien, because a false estate tax return was submitted. However, such a construction would conflict with 68 O.S. 815 [68-815](c) (1971), discussed above, which provides that no assessment shall be made after the ten year estate tax lien is extinguished. Several rules of statutory construction will be of aid in determining whether the provisions of the Oklahoma estate tax code of the state Uniform Tax Procedure Act are to control. Where the language of a statute is plain and unambiguous, there is no room for construction, and no justification exists for interpretive devices to fabricate a different meaning. Different enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each. In re Guardianship of Campbell, Okl., 450 P.2d 203
(1968). We note that the provisions of both the Uniform Tax Procedure Act and the estate tax code were last amended by the Oklahoma Legislature in 1965. Statutes passed at the same session of the Legislature relating to the same subject must be construed together so that if possible, all may stand, the presumption being that they were actuated by the same policy. O'Brien Packing Company v. Martin, 172 Okl. 157, 44 P.2d 72 (1935). Syllabus 1 of the Court's opinion in Smith v. Southwestern Bell Telephone Co., Okl., 349 P.2d 646, 83 A.L.R.2d 454 (1960) states that: "Where there are two statutes upon the same subject, the earlier being special and the later being general, the presumption is, in the absence of express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general." In C. H. Leavell Co. v. Oklahoma Tax Commission, Okl.,450 P.2d 211 (1968), the Oklahoma Supreme Court stated another rule of statutory construction specifically applicable to Oklahoma tax laws. The Court stated at 450 P.2d 215 that: "The settled law requires that any doubt concerning tax laws is to be resolved in favor of the person upon whom the tax burden is sought to be imposed. citation All tax statutes are construed strictly against the State. citation Administrative construction cannot override plain language of statute, and where neither ambiguous nor of doubtful construction, the rule that weight is to be given to an administrative construction in determining the meaning of the statute is inapplicable. " Proper application of these rules of construction requires that the provisions of the estate tax code limiting the duration of the estate tax lien to a period ending ten years after the date of death of the decedent whose property is transferred should control, where applicable, over conflicting provisions of the Uniform Tax Procedure Act. Because all the statutes in question were last amended in the 1965 session of the Oklahoma Legislature, a construction giving effect to all the statutory provisions involved should be adopted. Also, the provisions concerning the estate tax lien constitute a special exception to the more general legislation found in the Uniform Tax Procedure Act. This construction also resolves any doubt in favor of the taxpayer and against the state, as required by C. H. Leavell Co. v. Oklahoma Tax Commission, supra. See also Oklahoma Tax Commission v. Harris, Okl., 455 P.2d 61 (1969). In summary, it is the opinion of the Attorney General that your hypothetical case should be resolved as follows: The Oklahoma Tax Commission may not, after the expiration of ten years from the date of death of the decedent, assert a claim for additional estate taxes and interest due concerning cash, stocks and bonds discovered after the expiration of the ten year period and inadvertently excluded from a previously filed estate tax return. It is emphasized that this opinion is not applicable to cases where there has been a fraudulent non-disclosure of assets. Also, nothing in this opinion construes the phrase in 68 O.S. 811 [68-811](d) (1971) providing that the estate tax lien shall be extinguished upon the expiration of ten years from the date of death of the decedent "unless prior thereto steps have been taken that would cause the fact that a lien is asserted to appear of record in the county wherein the property is located. " The provisions of the estate tax code discussed above reflect a legislative policy that title to property derived from a decedent's estate should not be clouded with estate tax liens more than ten years after the date of death of decedent. (Charles L. Pain) (Tax Warrant)