SALES TAX — FARM MACHINERY The Oklahoma Tax Commission rule that applied the Section 68 O.S. 1305 [68-1305](c) exemption only to farm machinery that operates with a movable part or parts is contrary to the language of the statute and to the intent of the Legislature. The Attorney General has considered your opinion request wherein you recite the following facts and ask the following question: "One of the farmers in my County was charged with sales tax when he purchased a livestock working chute without wheels. When he pointed out the exemption provisions of 68 O.S. 1305 [68-1305](c) (1971), the seller informed him the Tax Commission would require no payment of sales tax if he bought the working chute with wheels on it. "I would like to obtain an opinion as to 1305(c), and whether or not the ruling of the Tax Commission is correct or incorrect. " Section 68 O.S. 1305 [68-1305](c) provides in pertinent part: "Farm machinery — Exemption. — In addition to other transactions exempt from the sales tax levied under Section 1304 of the Oklahoma Sales Tax Code, there shall also be exempt from such tax the gross proceeds from the sale of farm machinery to be used directly on a farm or ranch in the production, cultivation, planting, sowing, harvesting, processing, spraying, preservation for irrigation of any livestock, poultry, agricultural or dairy products produced from such land." Under 68 O.S. 203 [68-203] (1971) the Oklahoma Tax Commission has authority to promulgate "any reasonable rules and regulations" to enforce provisions of the State tax laws. As stated in your letter, the Oklahoma Tax Commission has applied the Section 68 O.S. 1305 [68-1305](c) exemption only to farm machinery that operates with a movable part or parts. The object of construing a statute is to reach the true intent and meaning of the Legislature. Becknell v. State Industrial Court, Okl.,512 P.2d 1180, 1183 (1973). In drafting 1305(c) the Legislature obviously intended to broadly define"farm machinery" in order to grant a meaningful exemption to Oklahoma farmers. It is well settled that the title of a statute may be considered to determine legislative intent. Article V, Section 57, Oklahoma Constitution, Perry v. City of Oklahoma City, Okl., 470 P.2d 974, 979 (1970). The title of Section 1305(c) is "Farm Machinery — Exemption," not simply"Machinery — Exemption." Also, the Legislature used a great part of the statute to make sure that "farm machinery" exempted from sales tax must: ". . . be used directly on a farm or ranch in the production, cultivation, planting, sowing, harvesting, processing, spraying, preservation for irrigation of any livestock, poultry, agricultural or dairy products produced from such land." It is well-settled that every statute must be interpreted to give meaning to every part. C. H. Leavell 
Company v. Oklahoma Tax Commission, Okl., 450 P.2d 211,215 (1968). A construction should not be followed which renders some words inoperative or nugatory. City of' Tulsa v. Goins, Okl., 437 P.2d 257, 259 (1967). By focusing on a definition of "machinery" rather than "farm machinery" the Oklahoma Tax Commission disregards and renders inoperative both the title of the statute and the definition of "farm machinery" contained in the statute itself. It appears that the Oklahoma Tax Commission was guided by a construction of one part of a sentence rather than the wording of the entire statute. The United States Supreme Court recognized this danger in Richards v. U.S., 369 U.S. 1,82 S.Ct. 585, 7 L.Ed.2d 492 (1962) and said: "In fulfilling our responsibility in interpreting Legislation, 'we must not be guided by a single sentence or member of a sentence but should look into the provisions of the whole law, and to its object and policy."' Finally, it must be noted that Section 68 O.S. 1305 [68-1305](c) is a tax statute, and is subject to a special rule of construction. "The settled law requires that any doubt concerning tax laws is to be resolved in favor of the person upon whom the tax burden is sought to be imposed . . . All tax statutes are constructed strictly against the State." C. H. Leavell 
Company v. Oklahoma Tax Commission, supra. It is, therefore, the opinion of the Attorney General that your question be answered as follows. The Oklahoma Tax Commission rule that applied the Section 1305(c) exemption only to farm machinery that operates with a movable part or parts is contrary to the language of the statute and to the intent of the Legislature. (Daniel J. Gamino) ** SEE: OPINION NO. 77-239 (1977) ** ** SEE: OPINION NO. 77-254 (1977) ** ** SEE: OPINION NO. 77-252 (1977) ** ** SEE: OPINION NO. 78-193 (1978) ** ** SEE: OPINION NO. 78-241 (1978) **