Dear Director Nelson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 Does a special event as defined by 59 O.S. 2001, § 1750.2(9) of the Oklahoma Security Guard and Private Investigator Act encompass an entire sports season, or is each game played during a sports season considered a separate special event? Similarly, does the entire Christmas season as a whole constitute a special event or does each scheduled public activity of the Christmas season constitute a special event as defined by Section 1750.2(9)?
¶ 1 The Oklahoma Security Guard and Private Investigator Act,59 O.S. 2001, §§ 1750.1-1750.14[59-1750.1-1750.14] ("Act"), prescribes the qualifications and standards for security guards in Oklahoma. Security agencies must obtain a license for each individual security guard they employ. Id. § 1750.4. The Council on Law Enforcement Education and Training ("CLEET") is empowered to enforce the Act and to issue licenses pursuant to the licensure provisions of the Act. Id. §§ 1750.3(A); 1750.4. Section 1750.5 of the Act authorizes CLEET to issue unarmed security guard licenses or special event licenses. Id. § 1750.5(A), (H), (I). A "special event license may be issued to an employee of a security agency who is hired on a temporary basis as an unarmed security guard for a particular event." Id. § 1750.5(I). Section 1750.6(B)(1) imposes the following nonrefundable license fees for each type of license sought:
 The original application and any license renewal shall be accompanied by a nonrefundable fee of Sixty Dollars ($60.00) for the original application and Twenty-five Dollars ($25.00) for each renewal of a private investigator or an unarmed security guard, Eighty-five Dollars ($85.00) for the original application and Fifty Dollars ($50.00) for each renewal of an armed security guard, Seven Dollars ($7.00) for a special event, and Two Hundred Dollars ($200.00) for either the original application or each renewal for a security agency or investigative agency.
Id.
¶ 2 The unarmed security guard license is initially valid for two years and may be continuously renewed for additional two-year periods. 2003 Okla. Sess. Laws ch. 204, § 7(C) (amending 59 O.S.2001, § 1750.6[59-1750.6](C)). A special event license is "valid only for the duration of the event for which it is expressly issued."Id. An individual is also limited to "two special event licenses during any calendar year." Id. A "special event" is defined in Section 1750.2(9) as "a public activity in the form of an athletic contest, charity event, exposition or similar event that occurs only on an annual or noncontinuing basis[.]"
¶ 3 "To interpret any statute, we begin with the plain language of the statute." Medina v. State, 871 P.2d 1379, 1382 (1993). Additionally, "[t]he purpose and intent . . . must be gleaned from the statute as a whole." Id. at 1382-83. The Legislature expressly stated that a special event license is issued "for aparticular event." 59 O.S. 2001, 1750.5(I) (emphasis added). The plain, ordinary meaning of "particular" is "of, relating to, or being a single definite person or thing as distinguishedfrom some or all others." Webster's Third New International Dictionary 1646 (3d ed. 1993) (emphasis added). Further, the Legislature defined a "special event" as "an athletic contest" or a "similar event that occurs only on an annual or noncontinuing basis." 59 O.S. 2001, § 1750.2[59-1750.2](9) (emphasis added). The Legislature did not state that an event could extend through an entire season, or constitute a series of athletic contests, occurrences or activities.
¶ 4 Accordingly, the Legislature intended that the special event license apply to a discrete, scheduled event or activity of a limited time period because special events are to "occur only on . . . [a] noncontinuing basis." 59 O.S. 2001, § 1750.2[59-1750.2](9). The license is valid only for the duration of the event for which it is issued, and the license is issued only for employees to be "hired on a temporary basis." Id. § 1750.5(I). Construing a "special event" to encompass an entire season is not commensurate with the plain language of the statute or the intent expressed by the Legislature.
¶ 5 Under CLEET's prior interpretation of "special event," an agency could obtain two licenses to cover, for instance, two long athletic seasons or one athletic and one holiday season, which would permit an employee purportedly hired "on a temporary basis" for "a particular event" to serve as a security guard for several separately scheduled events, continuously stretching over most of a calendar year. 59 O.S. 2001, §§ 1750.2[59-1750.2](9); 1750.5(I). We cannot presume that the Legislature intended a result which would undermine the purpose of the statute, which is to provide a more limited form of license for specific, discrete events. See,e.g., TXO Prod. Corp. v. Okla. Corp. Comm'n, 829 P.2d 964, 969
(Okla. 1992) ("It is presumed that the legislature has expressed its intent in a statute and that it intended what it so expressed. The statute should then be interpreted to attain that purpose and end. . . . A reasonable and rational construction is preferred."). Id. (footnotes omitted).
¶ 6 Although CLEET has historically construed a "special event" to constitute an entire holiday or athletic season, where a statute is "neither ambiguous nor of doubtful construction, the rule that weight is to be given to an administrative construction in determining meaning of [a] statute is inapplicable." C.H.Leavell Co. v. Okla. Tax Comm'n, 450 P.2d 211, 215 (Okla. 1968); see also Neer v. State ex rel. Okla. Tax Comm'n,982 P.2d 1071, 1078 (Okla. 1999) (explaining that "administrative construction cannot override plain statutory language"). An agency retains "the flexibility to correct its own erroneous interpretation of the law." Oral Roberts Univ. v. Okla. TaxComm'n, 714 P.2d 1013, 1014 (Okla. 1985).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A special event security guard license under 59 O.S. 2001, § 1750.2[59-1750.2] (9) may be issued by CLEET only for events that are conducted annually or on a non-continuing basis. Said license may not be issued to cover multiple events conducted during a season, such as an athletic or holiday season. Id. §§ 1750.2(9); 1750.5(I).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JOANN T. STEVENSON Assistant Attorney General