S. B. LEVERIDGE, doing business as Leveridge Motor Company, Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 36987.

Supreme Court of Oklahoma.

March 6, 1956.

Carmon C. Harris, Mike Tapp, Oklahoma City, for plaintiff in error.

R. F. Barry, W. F. Speakman, E. J. Armstrong, Oklahoma City, for defendant in error.

Don Welch, Jr., Madill, for Oklahoma Automobile Dealers Ass'n, amicus curiae.

JOHNSON, Chief Justice.

On June 9, 1955, S. B. Leveridge, the holder of a valid used car dealer's license, made application to the Tax Commission for an original certificate of title for a 1955 model Ford vehicle, which was the latest manufactured model. He presented as evidence of his ownership an assigned

Missouri title showing that the vehicle had been originally registered in Missouri May 9, 1955, by an individual, which individual on May 10, 1955, assigned the Missouri title to a corporation, which corporation on June 2, 1955, reassigned the title to Leveridge. Leveridge acquired the vehicle for the purpose of offering same for sale in Oklahoma as a used car dealer. The Tax Commission took the position that under House Bill 885 of the Twenty-Fifth Legislative Session, S.L.1955, pp. 262, 263, 47 O.S.Supp. §§ 52c, 52d, the excise tax levied under Title 47 O.S.1951 § 52b, was due and owing upon the vehicle being registered and demanded payment of said tax as a condition to registering the vehicle. Leveridge's position was and is that House Bill 885, supra, is a revenue raising measure and as such is unconstitutional under the provisions of Art. 5, § 33 of the Oklahoma Constitution, because the bill was passed during the last five days of the Twenty-Fifth Legislative Session. He, therefore, paid the demanded tax under protest, filed a claim for refund, and following the Tax Commission's denial of his claim, perfected this appeal.

The above referred to constitutional provision reads as follows:

"All bills for raising revenue shall originate in the House of Representatives. The Senate may propose amendments to revenue bills. No revenue bill shall be passed during the last five days of the session."

This is the third time within the last three years that this court has had under consideration the effect of the exemption provided in Title 47, § 52d (e), O.S.1951, which section, together with Section 52c, was amended by House Bill 885, supra. The first case was the Protest of Green-Phillips Chevrolet Co., 208 Okl. 214, 254 P.2d 977. Green-Phillips Chevrolet Co. held both a new and used car dealer's license. It asserted the right to register excise tax free a "new vehicle" as a "used vehicle" in order to place the vehicle upon its used car lot for sale, which asserted right was denied by the Tax Commission. Green-Phillips Chevrolet Co. perfected an appeal to this court, upon which appeal the position of the Tax Commission was sustained. The

second case was Kendall v. Oklahoma Tax Commission, Okl., 283 P.2d 511, 512. Kendall as a licensed used car dealer asserted the right to register excise tax free a used vehicle which had theretofore been registered in Texas and to which he held an assigned Texas title. The Tax Commission apparently considered our opinion in the Green-Phillips case as requiring it to collect a tax upon a used car dealer registering either a new or a used vehicle for the first time in Oklahoma and therefore demanded and received an excise tax, from which action Kendall perfected an appeal to this court. We reversed the Tax Commission but limited the opinion to used cars. In doing so, we said:

"Therefore, the situation, as here, involving a used car purchased for resale by a bona fide used car dealer was not before the court. * * * Since, under the decision in the Green-Phillips Chevrolet Co. case, supra, a new automobile is not within the contemplation of subsec. (e) of section 52d, supra, for which 'an original * * * certificate of title' is sought, said last quoted phrase would apply only where the 'vehicle' was a used car, registered in another state upon which an Oklahoma certificate of title was being issued for the first time."

At the hearing before the Commission, the Commission offered a witness who testified in substance over Leveridge's objection that after the Kendall case was handed down a great many vehicles owned by used car dealers, which under the Kendall case would be considered as new and therefore subject to the excise tax levy upon being registered by said used car dealers for the first time in Oklahoma, were titled or registered through use of the mail or otherwise in states where the title or registration fees are nominal. That such was done irrespective of the fact that none of said vehicles had been in, and none of the owners thereof resided in the states in which the vehicles were registered or titled. The Tax Commission contends that House Bill 885 does not represent a revenue raising measure because it does not levy a tax in the strict sense of the word.

The provisions of House Bill 885, Title 47, § 52c, as amended, provide that, notwithstanding the statutory definition of the term "new vehicle" and "used vehicle" in another Act, the term "new vehicle" as used in said (amended) Sec. 52c should also include any vehicle of the "latest manufactured model" owned or acquired by a licensed used car dealer, where such vehicle had not been registered in Oklahoma and an Oklahoma motor vehicle excise tax had not been paid.

By a 1949 Act amending Title 47, § 22.1, the legislature created and defined the term "new vehicle" in such a manner as to make it impossible for any one except a person holding a contract or franchise with the manufacturer of a particular make of vehicle to own a "new vehicle" of such make. A used car dealer therefore could not after 1949, and prior to the enactment of House Bill 885 in 1955, own a "new vehicle" within the purview of the Motor Vehicle Excise Tax Act, and for said reason, the value of any vehicle that he might own during said period for excise tax purposes could not exceed 65% of the factory delivered price thereof. After the enactment of said House Bill, a used car dealer could own a "new vehicle" for the purposes of the Motor Vehicle Excise Tax Act and could therefore be subjected to motor vehicle excise tax on the basis of 100% of the factory delivered price of the vehicle if the vehicle was the "latest manufactured model" and had not previously been registered in Oklahoma.

The other change in the law effected by House Bill 885 was to amend Title 47, § 52d on Exemptions (e), so as to specifically provide that a used car dealer was not exempt from motor vehicle excise tax upon registering a motor vehicle of the "latest manufactured model" for the first time in Oklahoma, even though the vehicle had theretofore been registered in some other state. The Tax Commission contends that in view of the Kendall opinion, the only additional revenue that could result from the amendment to Section 52d (e) would be where a new vehicle which is the "latest manufactured model" has been regularly registered in some other state and there used, and following such use is sold to an Oklahoma used car dealer who registers the same in Oklahoma.

In Anderson v. Ritterbusch, 22 Okl. 761, 98 P. 1002, we held that " 'Revenue laws' are those laws only whose principal object is the raising of revenue, and not those under which revenue may incidentally arise," and. that " 'Revenue bills' are those that levy taxes in the strict sense of the word, and are not bills for other purposes which may incidentally create revenue." The rule so announced was taken from the leading case of United States v. Mayo, 26 Fed.Cas. page 1230, No. 15,754, and was applied in Pure Oil Co. v. Oklahoma Tax Commission, 179 Okl. 479, 66 P.2d 1097.

As reflected by 51 Am.Jur.,Taxation, Sec. 298, p. 350, 84 C.J.S.,Taxation, § 1, p. 31, the law above quoted represents the general rule and a rule that this court has consistently adhered to.

In passing upon the constitutionality of an act of the legislature, this court is guided by the rule that all acts of the legislature must be presumed to be constitutional, which presumption must be overcome beyond all doubt by the person asserting the unconstitutionality of the Act. 11 Am. Jur.,Constitutional Law, Secs. 128 and 132; City of Denver v. Knowles, 17 Colo. 204, 30 P. 1041, 17 L.R.A. 135. In the cited case the court held as follows:

"* * * A fundamental principle of construction requires those who seek to overthrow a statute, on account of its repugnance to a constitutional provision, to show the unconstitutionality of the act beyond all reasonable doubt. * * *"

In Fletcher v. Peck, 6 Cranch 87, 3 L.Ed. 162, 175, it was held:

"The question, whether a law be void for its repugnancy to the constitution, is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative in a doubtful case. * * *"

The bill under consideration does not within its four corners levy a tax and for said reason is not per se a revenue bill.

■ Moreover, and at most, sections of Title 47 O.S.1951, as amended, contained in H. B. 885, supra, merely declare that certain property (automobiles of the latest manufactured models owned by used car dealers) theretofore exempt from taxation (the motor vehicle excise tax) shall thereafter be subject to taxation. Such amendments do not constitute a revenue bill. Therefore, H. B. 885, is not unconstitutional because passed during the last five days of the Twenty-Fifth Legislative Session. See Cornelius v. State ex rel. Cruce, 40 Okl. 733, 140 P. 1187, and cited cases. We hold such amendments to be constitutional.

The action of the Tax Commission in denying Leveridge's claim for refund is therefore affirmed.

WILLIAMS, V. C. J., and WELCH, CORN and DAVISON, JJ., concur.

HUNT, J., concurs in result.

HALLEY, BLACKBIRD and JACKSON, JJ., dissent.