LABOR
An employee working in a physically strenuous occupation such as a dock hand, who suffers a heart attack, and after being rehabilitated returns to work doing lighter work, not as a dock hand, and is thereafter terminated, is not disqualified from unemployment compensation benefits under 40 O.S. 214 [40-214](c) (1977). It is the further opinion of the Attorney General that in a situation where a person retires from the military as a result of a combat disability, and following rehabilitation obtains employment covered by unemployment compensation but is terminated from such employment, and under 40 O.S. 215 [40-215](f) (1977), his military disability retirement benefits are enough to preclude him from receiving unemployment compensation benefits, such denial of unemployment compensation benefits does not violate such employee's constitutional rights, nor the constitutional rights of his employer. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. If an employee working in a physically strenuous occupation, such as a dock hand, suffers a heart attack and after being rehabilitated returns to work doing lighter work, not as a dock hand, and is terminated thereafter, is he disqualified from unemployment compensation benefits under 40 O.S. 214 [40-214](c) (1977), since he did not perform duties in keeping with his work experience during the previous 12 months? 2. Is it constitutional to deny such applicant unemployment compensation benefits to which he would otherwise be entitled if he is physically able to perform work in a position other than that in which he was employed during the past 12 months ? 3. If a person retires from the military as a result of a combat disability, and later following rehabilitation obtains employment covered by unemployment compensation but is terminated from such employment, and under 40 O.S. 215 [40-215](f), his military disability retirement benefits are enough to preclude him from receiving unemployment compensation benefits, does 40 O.S. 215 [40-215](f) violate such employee's constitutional rights? 4. Under the facts set forth in question three, does the operation of 40 O.S. 215 [40-215](f) violate the employer's constitutional rights ? Concerning your first question, 40 O.S. 214 [40-214] (1977), reads as follows in its pertinent part: "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that: ". . . "(c) He is able to perform work duties in keeping with his work experience during the past twelve (12) calendar months. Not having work experience during such months, he is able to perform work duties in keeping with his education, prior training and experience." Assuming under the facts presented in your first question the employee is otherwise eligible to receive benefits, it does not appear that 40 O.S. 214 [40-214](c) would require that his work experience for the past 12 months be in the same occupation for the entire 12 month period. Thus, if he is able to perform work duties in keeping with his work experience doing the lighter work, referred to in your question, and this lighter work did not encompass the entire 12 month period, he would nevertheless appear to be eligible under the requirement set forth in subsection (c) of 40 O.S. 214 [40-214]. In any event, it would appear that the second occupation, involving the lighter work, would be part of his "prior training and experience" when he applies for benefits and, therefore, under the second sentence of subsection (c) of 40 O.S. 214 [40-214], he would be eligible for benefits. Your first question is, therefore, answered in the negative. In view of the answer to your first question, your second question, pertaining to the constitutionality of any denial of benefits under the facts presented in your first question, is not reached. In order to properly answer the third and fourth questions posed in your request, we must first examine the purpose and nature of unemployment compensation. Unemployment compensation is a form of social insurance, the expense of which is borne by industry, thereby transferring the economic burden caused by unemployment from the taxpayers generally to the industry in which the unemployment exists, or to industry as a whole, 76 Am.Jur.2d Unemployment Compensation, 1. Further, the purpose of unemployment compensation programs is to relieve the stress of economic insecurity due to unemployment, 76 Am.Jur.2d Unemployment Compensation, 6. Although Oklahoma's Unemployment Compensation Act, like those of many other states, refers to the payments made to support the unemployment program as "contributions", such payments are legally in the nature of a tax and have been held to be the exertion of the taxing power of the state when the constitutionality of an Unemployment Compensation Act is challenged, 76 Am.Jur.2d Unemployment Compensation, 14. Thus, contributions made under an Unemployment Compensation Act are legally taxes for a public benefit. In Stewart Machine Company v. Davis, 301 U.S. 548,81 L.Ed. 1279 (1237), it was held that employment is a business relationship, if not a business itself, and that the power to tax the activities and relations which constitute a calling, considered as a unit, is a power to tax any of them. It has also been held that a state is vested with the power to impose taxes in general upon employers to alleviate unemployment, and the authority of the state is no wise impaired by reason of blending the imposition of a tax with the relief of unemployment, Standard Dredging Corporation v. Murphy, 319 U.S. 306, 87 L.Ed. 416 (1943); Stewart Machine Company v. Davis, supra; and Carmichael v. Southern Coal and Coke Company, 301 U.S. 495,81 L.Ed. 1245 (1937). Further, provisions of an Unemployment Compensation Act have been upheld, although they require employers with no unemployment to contribute to an unemployment fund, Carmichael v. Southern Coal and Coke Company, supra, and although they exempt certain classes of employers and employees from their benefits and burdens, Stewart Machine Company v. Davis, supra; and Carmichael v. Southern Coal and Coke Company, supra. Additionally, an act of the Legislature is presumed to be constitutional unless its unconstitutionality is shown beyond a reasonable doubt, Schmitt v. Hunt, 359 P.2d 198
(1961); Leveridge v. Oklahoma Tax Commission, 294 P.2d 809
(1956); and Bailey v. State Board of Public Affairs,194 Okl. 495, 153 P.2d 235 (1944). Based on the foregoing, your third and fourth questions are answered in the negative, the operation of 40 O.S. 215 [40-215](f), so as to exclude the employee described in the facts presented in your third question from unemployment compensation benefits, does not result in a violation of such employee's or the employer s constitutional rights. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: An employee working in a physically strenuous occupation, such as a dock hand, who suffers a heart attack, and after being rehabilitated returns to work doing lighter work, not as a dock hand, and is thereafter terminated, is not disqualified from unemployment compensation benefits under 40 O.S. 214 [40-214](c) (1977). It is the further opinion of the Attorney General that in a situation where a person retires from the military as a result of a combat disability, and following rehabilitation obtains employment covered by unemployment compensation but is terminated from such employment, and under 40 O.S. 215 [40-215](f) (1977), his military disability retirement benefits are enough to preclude him from receiving unemployment com pensation benefits, such denial of unemployment compensation benefits does not violate such employee's constitutional rights, nor the constitutional rights of his employer. (GERALD E. WEIS)