The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Are the provisions of Senate Bill No. 118 authorizing a "motor/diesel fuel tax" constitutionally valid? Senate Bill No. 118, Laws 1979, Chapter 288, page 862, Thirty-Seventh Legislature — First Regular Session, amending 69 O.S. 656 [69-656] (1978) construction projects on county primary road system and 1509 payment for auditing accounts of State Department of Transportation, and repealing 68 O.S. 503 [68-503] (1978) Political subdivisions — Prohibition to levy tax on motor fuel or diesel fuel, was introduced on January 9, 1979. The Conference Committee Report was adopted by the House and the Senate on June 1, 1979, and the enrolled bill passed both Houses and was received by the Governor on the same day. Senate Bill No. 118 was approved by the Governor on June 7, 1979. The title of Senate Bill No. 118 states: "AN ACT RELATING TO THE STATE DEPARTMENT OF TRANSPORTATION; MAKING APPROPRIATIONS THERETO; STATING THE PURPOSES; PROVIDING FOR TRANSFER OF FUNDS AND STATING PURPOSE; SPECIFYING PURPOSES FOR WHICH DEDICATED FUNDS SHALL BE USED; APPORTIONING FUNDS TO COUNTIES BY FORMULA; AUTHORIZING THE APPOINTMENT, DUTIES AND COMPENSATION OF PERSONNEL; DESIGNATING THE MAXIMUM SALARY OF THE DIRECTOR OF THE STATE DEPARTMENT OF TRANSPORTATION; LIMITING THE NUMBER OF EMPLOYEES; LIMITING THE EXPENDITURES FOR SALARIES AND WAGES; MAKING APPROPRIATIONS FOR THE OKLAHOMA AERONAUTICS COMMISSION; STATING THE PURPOSES; PROVIDING FOR APPOINTMENT, DUTIES AND COMPENSATION OF AERONAUTICS COMMISSION EMPLOYEES; DESIGNATING THE MAXIMUM SALARY OF THE DIRECTOR OF THE OKLAHOMA AERONAUTICS COMMISSION; LIMITING THE NUMBER OF EMPLOYEES; LIMITING EXPENDITURES FOR SALARIES AND WAGES; MAKING APPROPRIATIONS FOR AIRSTRIP REPAIR AND CONSTRUCTION; PROVIDING FOR USE OF PRICE ADJUSTMENT CLAUSES; AMENDING SECTIONS 10 AND 11, CHAPTER274, O.S.L. 1978 (69 O.S. 656 [69-656] AND 69 O.S. 1509 [69-1509] (1978)), PERTAINING TO BRIDGE AND ROADWAY CONSTRUCTION PROJECTS AND TO PAYMENT FOR AUDITING ACCOUNTS; AUTHORIZING COUNTY ELECTIONS TO LEVY A MOTOR/DIESEL FUEL TAX AND STATING THE PURPOSES; SPECIFYING THE ADMINISTRATION OF SAID TAX; PROVIDING LAPSE DATES; REPEALING 68 O.S. 503 [68-503] (1971), AS AMENDED BY SECTION 2, CHAPTER 220, O.S.L. 1978 (68 O.S. 503 [68-503] (1978)); DIRECTING CODIFICATION; PROVIDING SEVERABILITY; AND DECLARING AN EMERGENCY." (Emphasis added) Sections 12 and 13 of Enrolled Senate Bill No. 118 appear for the first time in the Conference Committee Substitute 5/31/79. They provide as follows: "SECTION 12. A. Any county, acting through a majority vote of the board of county commissioners, is hereby authorized to levy a motor fuel/diesel fuel tax for revenue purpose upon all sales within the county in the same manner as, and in addition to, the tax levied by the Oklahoma Motor Fuel/Diesel Fuel Tax Code. "B. A tax imposed under authority of the provisions of Subsection A shall have application only within the territorial limits of the county levying the same and said tax shall be in addition to all other taxes levied by the county. Before any such tax is levied by the county the resolution providing for the same shall first be approved by a majority of the voters of such county voting thereon at a general or special election. "C. The taxes levied under the authorization of this section shall be used exclusively for the planning, construction and maintenance of roads within the territorial limits of the county, not the responsibility of the State. "SECTION 13. A. Any tax levied under section 12 of this act shall be administered in accordance with and subject to the provisions of the Oklahoma Motor Fuel/Diesel Fuel Tax "B. The Oklahoma Tax Commission shall have full authority to enforce and collect all taxes, penalties, and interest levied by section 12 of this act. "C. The Oklahoma Tax Commission shall remit to the respective County Boards of Equalization Ninety-Seven and One-Half percent (97 1/2%) of the total tax collected by section 12 of this act herein, with the remaining two and one-half percent (2 1/2%) being deposited to the credit of the Oklahoma Tax Commission Revolving Fund." Emphasis added The Oklahoma Constitution, Article V, Section 56, provides in pertinent part: "The general appropriation bill shall embrace nothing but appropriations for the expenses of the executive, legislative, and judicial departments of the State, and for interest on the public debt . . . all other appropriations shall be made by separate bills, each embracing but one subject." Similarly, Article V, Section 57, prohibits any act of the Legislature from embracing more than one subject, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes. Senate Bill No. 118 is an act relating to the State Department of Transportation, which makes specified appropriations to designated funds within the State Department of Transportation. The provisions of Sections 1 through 11, inclusive, 14 and 15 of Senate Bill No. 118 are addressed to subjects which are not unrelated to the specified appropriations to the State Department of Transportation. Sections 18 and 19 provided severability and declare an emergency. Senate Bill No. 118 authorizes counties, which are subdivisions of the State, to levy county-wide motor fuel/diesel fuel taxes in Section 12; mandates administration, collection and distribution of the said taxes, and of the revenues therefrom, in Section 13; and repeals conflicting statutes and directs codification in Sections 16 and 17. Section 13 of Senate Bill No. 118 empowers the Oklahoma Tax Commission, an agency of the State, to enforce and collect the motor/diesel fuel tax. It directs the Tax Commission to remit ninety-seven and one-half percent (97 1/2%) of the revenue collected from the tax to the respective County Boards of Equalization, and to deposit the remaining two and one-half (2 1/2%) to the credit of the Tax Commission in its revolving fund. In State ex rel. Hudson v. Carter,167 Okl. 32, 27 P.2d 617, 91 A.L.R. 1497 (1934), the Supreme Court of Oklahoma stated that Article V, Section 56, is "positive and unambiguous." Ritchie v. People,155 Ill. 98, 40 N.E. 454, 461, 29 L.R.A. 79, was cited with approval for the proposition that in a bill making appropriations "every provision is unconstitutional which proposes to do anything besides making such appropriations." The appropriation in question was held to be a valid appropriation, but those provisions in the act which purported "to grant authority to public officers not theretofore imposed or granted" were void. 27 P.2d 624, 227. The Court stated: ". . . Our attention has been called to no decision, and we know of none, which holds that, under a constitutional provision such as ours, a provision may be included in a general appropriation bill which confers authority upon a public officer that that officer did not theretofore have. . ." 27 P.2d 624. Section 12 of Senate Bill No. 118 authorizes any county, acting through a majority vote of its county commissioners, to levy a motor/diesel fuel tax in addition to the tax levied by the Oklahoma Motor Fuel/Diesel Fuel Tax Code. The tax levy so authorized is, by the express terms of that section, exclusively "for revenue purposes." The provisions of Sections 12, 13, 16 and 17 have as their principal object the raising of revenue, Leveridge v. Oklahoma Tax Commission, 294 P.2d 809 (Okl. 1956), and bear no reasonable relationship to the subject of Senate Bill No. 118. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The provisions of Sections 12, 13, 16 and 17 of Senate Bill No. 118, Laws 1979, Chapter 288, Page 862, Thirty-Seventh Legislature — First Regular Session, all relating to the authorization of a county-levied motor fuel/diesel fuel tax for revenue purposes, are unconstitutional and ineffective. (JOHN PAUL JOHNSON) (ksg)