Dear Administrator Halley
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Are the fees assessed pursuant to the Oklahoma UndergroundStorage Tank Regulation Act applicable to tanks owned, operatedand/or located on state property, including tanks located onproperty of the Department of Public Safety?
¶ 1 Pursuant to a federal mandate found at 42 U.S.C.A. 6991, the Oklahoma Legislature enacted the "Oklahoma Underground Storage Tank Regulation Act," 17 O.S. 301 (1991) et seq.,
hereinafter "the Act." The Act's stated intent is to protect the public and the environment from the potential harmful effects of underground tanks used to store hazardous substances and petroleum. 17 O.S. 302 (1991). Section 17 O.S. 306(17) of Title 17 grants the Corporation Commission the authority to establish a fee schedule for the issuance of permits to own or operate an underground storage tank system. In addition, Section 308.1 provides that the fee for an owner or operator of a system shall not exceed $25.00. An owner is defined as "any person who holds title to, controls, or possesses any interest in an underground storage tank system." 17 O.S. 303(12) (1991). The definition of person is found at 17 O.S. 303(14) (1991):
 "Person" means any individual, trust, firm, joint stock company or corporation, federal agency, corporation, including a government corporation, partnership, association, the state or any state agency, municipality, county or other political subdivision of the state, or any interstate body. The term also includes a consortium, a joint venture, a commercial entity, and the United States Government or any other legal entity;
¶ 2 State agencies are not specifically exempted from any provision of the Act. The Department of Public Safety (DPS) is an agency of the government of this state created at 47 O.S. 2-101
(1991). The Department, as such, does not own property. Any property of the DPS is, in fact, property of the State.
¶ 3 Your request asks whether DPS is exempt from the fees described above pursuant to Article X, Section 6 of the Oklahoma Constitution which provides in pertinent part:
 [A]ll property used for free public libraries, free museums, public cemeteries, property used exclusively for nonprofit schools and colleges, and all property used exclusively for religious and charitable purposes, and all property of the United States except property for which a federal agency obtains title through foreclosure, voluntary or involuntary liquidation or bankruptcy unless the taxation of such property is prohibited by federal law; all property of this state, and of counties and of municipalities of this state; household goods of the heads of families, tools, implements, and livestock employed in the support of the family, not exceeding One Hundred Dollars ($100.00) in value, and all growing crops, shall be exempt from taxation: Provided, that all property not herein specified now exempt from taxation under the laws of the Territory of Oklahoma, shall be exempt from taxation until otherwise provided by law.
¶ 4 The issue presented is whether the above cited constitutional provision applies to the fees assessed by the Corporation Commission. It has been held that Section 6 has no application to license or regulatory fees and exempts the state only from property taxes. City of Ardmore v. Oklahoma TaxCommission, 32 P.2d 728 (Okla. 1934); Board of Commissioners ofMcClain County v. Oklahoma Tax Commission, 95 P.2d 605 (Okla. 1939). Therefore, applicability of this exemption requires a finding that the fees are in fact property taxes.
¶ 5 The underground storage tank (UST) fee is not a property tax. First, property taxes are assessed either by a county assessor or the State Board of Equalization. United Airlines,Inc. v. State Board of Equalization, 789 P.2d 1305 (Okla. 1990). The UST fee is assessed by the Corporation Commission. In addition, property taxes are based on the value of the taxed property. In re City of Enid, 158 P.2d 348 (Okla. 1945). The UST fee is assessed at a fixed rate per tank.
¶ 6 The UST assessment is not a tax at all, but merely a regulatory fee. Courts tend to deal with the distinction between fees and taxes on a case by case basis. State, ex rel. PetroleumUnderground Storage Tank Release Compensation Board v. Withrow,579 N.E.2d 705 (Ohio 1991). Generally, if an assessment is primarily regulatory, it is a fee, while revenue generating assessments are viewed as taxes. Rodgers v. United States,138 F.2d 992 (6th Cir. 1943); Scott v. Donnolly, 133 N.W.2d 418
(N.D. 1965); Starker v. Scott, 190 P.2d 532 (Or. 1948). InWithrow, supra, the Ohio Supreme Court, upon review of the Ohio UST assessment system, found that the assessments collected from owners and operators of underground storage tanks constituted fees rather than taxes. The Court found that the program benefitted the public by maintaining a clean environment and compensating individuals for damages caused by leaking underground storage tanks. But, the Court observed, "We can see no reason to hold that an exaction is a tax simply because the public is benefitted." Withrow at 709. The Court determined that there is no single dominant factor that mandates finding that the assessments are fees and listed a number of pertinent facts it found persuasive:
 These are regulatory measures, enacted to deal with the environmental problems caused by leaking USTs. The owners and operators of USTs are strictly liable to take corrective action and pay damages. These assessments are never placed in the general fund, and they are to be used only for narrow and specific purposes, all directly related to UST problems.
579 N.E.2d at 709.
¶ 7 In Withrow, the assessment functioned more as a fee than a tax because a specific charge and return for a service was involved. The Court narrowed its holding to the facts of the case and stated that it was not possible to develop a single test to distinguish a tax from a fee in all situations.
¶ 8 The Court's analysis in Withrow can be applied to Oklahoma's Act. The fees are not deposited in the general fund. The Act provides that any permit fee collected is to be deposited in the Corporation Commission Underground Storage Tank Regulation Revolving Fund. 17 O.S. 308(F) (1991). The law specifically states that permit fees are to be in an amount to cover the costs of the Commission in administering the Act. 17 O.S. 306(17) (1991).
¶ 9 In evaluating revenue laws, Oklahoma has used analyses similar to Withrow. In Leveridge v. Oklahoma Tax Commission,294 P.2d 809, 811 (Okla. 1956), the Supreme Court found:
 Revenue laws are those laws only whose principal object is the raising of revenue, and not those under which revenue may incidentally arise, and that revenue bills are those that levy taxes in the strict sense of the word, and are not bills for other purposes which may incidentally create revenue.
¶ 10 In In re Lee, 168 P. 53 (Okla. 1917), the Court reviewed statutory filing fees and held that an act prescribing fees for public services is not enacted for revenue but as compensation for services rendered. In Ex parte Ambler, 148 P. 1061 (Okl.Cr. 1914) the Court of Criminal Appeals found that license fees are enacted pursuant to the police power rather than the taxing power and that the license fee therein at issue was a mere incident to the true purpose of the Act in question.
¶ 11 Finally, in Ex parte Holt, 178 P. 260, 262 (Okla. 1918), the Oklahoma Supreme Court reviewed a municipal ordinance imposing a fee upon vehicles for hire:
 [T]he exaction of a fee to cover the expenses to be incurred in properly effectuating its regulatory provisions would not render such ordinance in any sense a revenue measure, or the fee imposed a tax, unless the amount of such fee be disproportionate to the expense which it is ostensibly designed to cover.
¶ 12 In conclusion, generation of revenue is not a principal purpose of the Underground Storage Tank Regulation Act. The Act's primary purpose is to protect the public and the environment and the fees are designed to cover only the costs of administering the regulatory program. 17 O.S. 306(17) (1991). Therefore, the UST assessments are regulatory fees and not taxes. There is no specific exemption which negates the Department of Public Safety's statutory obligation to pay the UST fee.
¶ 13 It is, therefore, the official opinion of the AttorneyGeneral that the fees established pursuant to the OklahomaUnderground Storage Tank Regulation Act, 17 O.S. 301 (1991)et seq., are applicable to tanks owned, operated and/orlocated on state property, including tanks located on property ofthe Department of Public Safety.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL